[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this habeas corpus petition on two grounds. First he claims that it is a violation of his constitutional rights when a previous habeas petition complaining of his conditions of confinement was dismissed as "moot" when prior to a hearing his place of confinement is changed thereby obviating his claim concerning this confinement.
Such claim relates directly to the decision of the court in that prior action and this must be raised by way of an appeal in that action and not in a separate habeas proceeding such as this.
The petitioner also claims that his constitutional right of access to the court has been abridged because he does not have access to a law library. This claim must also fail. In Bounds v. Smith, 430 U.S. 817
(1977) the United States Supreme Court held that a prisoner's right to access to the courts requires prison authority to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. The court held that a law library was one of many ways of fulfilling this obligation. CT Page 12360
In order to establish a Bounds violation an inmate must establish that as a result of shortcomings in a prison library or any legal assistance program to which he has access his efforts to pursue a non-frivolous claim have been hindered. Lewis v. Casey, 518 U.S. 343 (1996).
At the hearing held in connection with this petition, the evidence indicates that the petitioner has available to him, and has utilized the Inmates Legal Assistance Program. While the petitioner complains of the time lapse between his request for legal advice and the response of that program, he has not demonstrated that he has been hindered in pursuing a non-frivolous claim as a result thereof.
It is the opinion of the court that the petitioner's constitutional right of access to the courts is satisfied by the availability of the Inmates Legal Assistance program. See Spates v. Manson, 644 A.2d 80 (1981). See also State v. Fernandez, 254 Conn. 637 (2000) in which the Connecticut Supreme Court held in a criminal matter that a pro se defendant is not constitutionally entitled to access to a law library and that appointment of standby counsel satisfies the state's obligation to provide a criminal defendant with access to the courts.
The petition is hereby dismissed for the above reasons.
Bruce W. Thompson, Judge